NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| SIGNATURE BANK, | : | Civil Action No. 12-2802 (ES) |
| Plaintiff, | : | **OPINION** |
| v. | : |  |
| CHECK-X-CHANGE, LLC, et al., | : |  |
| Defendants. | : |  |

**SALAS, DISTRICT JUDGE**

Pending before this Court is Signature Bank's ("Plaintiff") motions to (1) dismiss Check-X-Change's ("Defendant" or "X-Change") counterclaim pursuant to Fed. R. Civ. P. 12(b)(6) and (2) strike Defendant's affirmative defenses pursuant to Fed. R. Civ. P. 12(f).[1] (D.E. No. 35, Plaintiff's Motion to Dismiss ("Pl.'s Mot. Dismiss")). The Court has jurisdiction under 28 U.S.C. § 1332. The Court has decided the motions based upon the parties' written submissions, without oral argument, pursuant to Fed. R. Civ. P. 78(b). The instant motion is unopposed. For the reasons set forth below, the Court GRANTS Plaintiff's motion to dismiss Defendant's counterclaim and DENIES Plaintiff's motion to strike Defendant's affirmative defenses.

**I.  Background**

On May 10, 2012, Plaintiff filed a complaint against Defendant alleging that on or about October 17, 2011 and on or about November 16, 2011, Plaintiff honored two checks, respectively, that were drawn from Plaintiff's customer's bank account and deposited into

---

[1] Messina and Hand, LLC ("M&H") is Check-X-Change's sister entity and a named Defendant in the instant action. (D.E. No. 1, Compl. ¶ 1). However, for clarity, this Court will refer only to Check-X-Change or Defendant in this Opinion when addressing all Defendants.

1

Defendant's bank account at another bank. (D.E. No. 1, Complaint ("Compl.") ¶¶ 14-15). Plaintiff alleges that its customer notified Plaintiff that the checks were counterfeit and not properly payable because they were endorsed by unauthorized signatures. (*Id.* ¶ 16). On or about December 19, 2011, Plaintiff restored $128,405.10 to its customer's bank account—the amount of the counterfeit checks. (*Id.* ¶ 17).

Plaintiff alleges that on November 21, 2011, it contacted Robert Hand ("Hand"), Defendant's principal, and advised Hand that the deposited checks were counterfeit and demanded immediate return of the funds from Defendant. (*Id.* ¶¶ 19-20). Despite assurances from Hand, no funds have been returned to Plaintiff. (*Id.* ¶ 48-49). Plaintiff also alleges that it learned that Defendant received the counterfeit checks as payment for indebtedness owed by Investment Recovery Specialists ("IRS") and/or Elbert Rhoades ("Rhoades"), a business entity and individual with whom Defendant had a financial lending relationship. (*Id.* ¶ 23). Furthermore, Plaintiff alleges that during its collection efforts against Defendant, Rhoades advised Plaintiff that he was in the process of providing Hand with funds to cover the amount of the counterfeit checks. (*Id.* ¶ 44). The funds provided to Hand via two checks from IRS's bank account, however, were returned and marked "non-sufficient funds," further frustrating Plaintiff's efforts in collecting the $128,405.10. (*Id.* ¶¶ 45-47).

Defendant, in response, filed an Answer that included a counterclaim and affirmative defenses. (D.E. No. 30, Defendant's Answer, Counterclaim ("Answer CC")). Defendant's counterclaim against Plaintiff alleges that Plaintiff acted "negligently, carelessly, and recklessly" when it honored the counterfeit checks and paid Defendant the $128,405.10. (*Id.* ¶ 1). Defendant also alleges that Plaintiff breached a duty to Defendant by not exercising ordinary care in the performance of its banking duties, and as proximate result, Defendant was "greatly

damaged." (*Id.* ¶¶ 2-4). Defendant demands damages, interest, cost of suit, attorney's fees, and other just and proper relief. (*Id.*). The counterclaim and affirmative defenses are the subject of this motion.

## II. Legal Standard

### A. Motion to Dismiss Counterclaim

A motion to dismiss a counterclaim is properly evaluated under the familiar Rule 12(b)(6) standard. *RBC Bank (USA) v. Petrozzini*, 2012 WL 1965370, at *2 (D.N.J. May 31, 2012); *Malibu Media, LLC v. Lee,* 2013 WL 2252650, at *3 (D.N.J. May 22, 2013). Pursuant to Rule 12(b)(6), "courts are required to accept all well-pleaded allegations in the complaint as true and draw all reasonable inferences in favor of the non-moving party." *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 231 (3d Cir. 2008); *Burrell v. DFS Servs., LLC*, 753 F. Supp. 2d 438, 440 n.1 (D.N.J. Dec. 6, 2010) (holding that contradictory factual assertions on the part of defendants must be ignored). Courts must "determine whether, under any reasonable reading of the complaint, the Plaintiff may be entitled to relief." *Pinker v. Roche Holding Ltd.*, 292 F.3d 361, 374 n.7 (3d Cir. 2002). "Factual allegations must be enough to raise a right to relief above the speculative level," *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007), and the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted). Determining whether the allegations in a complaint are "plausible" is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679.

### B. Motion to Strike Affirmative Defenses

Fed. R. Civ. P. 12(f) provides that a court "may order stricken from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Disfavored by the court, a motion to strike will generally be denied unless the allegations confuse the issues or are not related to the controversy and may ultimately cause prejudice to one of the parties. *Tonka Corp. v. Rose Art Indus., Inc.*, 836 F.Supp. 200, 217 (D.N.J. 1993). Accordingly, "a court possesses considerable discretion in disposing of a motion to strike under Rule 12(f)." *Id.* (quoting *River Road Dev. Corp. v. Carlson Corp.*, No 89-7037, 1990 WL 69085, at *2 (E.D. Pa. May 23, 1990)).

It is well established that a court should only sparingly strike a pleading, in part, due to the practical difficulty of deciding a case in the absence of a factual record. *Bristol-Myers Squibb Co. v. IVAX Corp.* 77 F. Supp. 2d 606, 619-20 (D.N.J. 2000); *Ehrhart v. Synthes (USA)*, No. 07-01237 2007 WL 4591276, at *3 (D.N.J. Dec. 28, 2007). A court should resort to striking a pleading only when justice so requires. *Bristol-Myers*, 77 F. Supp. 2d at 620. While a motion to strike may save time and expense by avoiding litigation of claims irrelevant to a case's outcome, a court should not grant a motion to strike an affirmative defense unless its insufficiency is clearly apparent. *FDIC v. White*, 828 F. Supp. 304, 307 (D.N.J. 1993). Although an affirmative defense is insufficient if it is not recognized as a defense to the cause of action, a motion to strike an affirmative defense will not be granted where its sufficiency depends on disputed issues of fact. *Total Containment, Inc. v. Environ Products, Inc.*, No. 91-7911, 1992 WL 208981, at *1 (E.D. Pa. Aug. 19, 1992).

Moreover, even in the absence of disputed facts, Rule 12(f) is not meant to afford an opportunity to determine disputed and substantial issues of law, since these questions are

properly viewed as determinable only after opportunity for discovery and a hearing on the merits. *In re Merck & Co.*, No. 08-1974, 2010 WL 2557564, at *3 (D.N.J. June 23, 2010). An affirmative defense therefore, may only be stricken if the defense asserted could not possibly prevent recovery under any pleaded or inferable set of facts. *Tonka Corp.*, 836 F. Supp. at 218 (quoting *Linker v. Custom-Bilt Mach., Inc.*, 594 F. Supp. 894, 898 (E.D. Pa. 1984)).

**III. Discussion**

**A. Motion to Dismiss Counterclaim**

Defendant asserts a negligence counterclaim against Plaintiff for "negligently, carelessly and recklessly [paying the] Defendant the sum of $128,405.10 via wire transfer based on two counterfeit checks containing unauthorized signatures and which were not properly payable." (D.E. No. 30, Answer CC ¶ 1). In order for Defendant to prove negligence, it must show that: (1) Plaintiff owed a duty to Defendant; (2) Plaintiff's action or inaction breached that duty; (3) Defendant was injured; and (4) Plaintiff's breach was the proximate cause of that injury. *See Tortu v. A-1 Quality Limousine Serv.*, No. 06-3952, 2008 WL 3887612, at *2 (D.N.J. Aug. 18, 2008); *City of Philadelphia v. Beretta U.S.A. Corp.*, 277 F.3d 415 n.9 (3d Cir. 2002).

First, Defendant fails to show that Plaintiff owed it a duty. Defendant's counterclaim states that Plaintiff had a duty to Defendant to exercise ordinary care in its banking duties. (D.E. No. 30, Answer CC ¶ 2). Defendant argues that the Uniform Commercial Code ("U.C.C.") imposes a duty of ordinary care on the Plaintiff to the Defendant. (*Id.*). The Court disagrees. Courts have held that "[a]bsent a special relationship, courts will typically bar claims of non-customers against banks." *City Check Cashing, Inc. v. Mfrs. Hanover Trust Co.*, 764 A.2d 411, 417 (N.J. 2001); *Lauer v. City of New York*, 95 N.Y.2d 95, 100 (2000) (holding that a claim for negligence requires not a general duty to society, but a specific duty to the injured party). A special duty

5

cannot be demonstrated absent evidence of an agreement, undertaking, or contract between parties. *Penn. Nat. Turf Club, Inc. v. Bank of West Jersey*, 385 A.2d 932, 936 (N.J. Super. Ct. App. Div. 1978). In this case, Defendant was not Plaintiff's customer and Defendant fails to provide facts that show the existence of a special relationship between the parties.

Second, assuming *arguendo* that Plaintiff owed a duty to Defendant, Defendant fails to show that Plaintiff breached that duty. Ordinary care means "observance of reasonable commercial standards…with respect to the business in which the person is engaged." U.C.C. § 3-103(a)(7) (2002). With respect to a bank using an automated method of processing checks, "reasonable commercial standards do not require the bank to examine the [check] if the failure to examine does not violate the bank's prescribed, [legal] procedures." (*Id.*). Defendant fails to allege facts that support the notion that Plaintiff breached its duty. Rather, Defendant simply states that Plaintiff failed to "exercise its duty of ordinary care to [Defendant], thereby breaching the duty it owed." (D.E. No. 30, Answer CC ¶ 3). Defendant fails to articulate a single allegation that Plaintiff's action or inaction led to a failure to observe reasonable commercial standards. The only fact that may be construed as a failure to observe reasonable commercial standards is that Plaintiff honored the counterfeit checks. Defendant, however, fails to allege that honoring such counterfeit checks contravenes reasonable banking standards.

Third, Defendant's counterclaim fails because Defendant does not show it was injured. Defendant merely states that "[a]s a direct and proximate result of the [Plaintiff's] negligence . . . and ensuing breach, [the] defendant was greatly damaged." (D.E. No. 30, Answer CC ¶ 4).

Defendant's claim that it was "greatly damaged" is conclusory and in need of additional support. In fact, Defendant's Answer suggests not that it was greatly damaged, but rather benefitted.[2]

Because Defendant's allegations are merely conclusory as to each element of negligence, the Court finds that Defendant failed to make a plausible claim for negligence. Accordingly, Plaintiff's motion to dismiss Defendant's counterclaim is granted.

### B. Motion to Strike Affirmative Defenses

#### i. Rule 12(f) under *Twombly* and *Iqbal*

Plaintiff contends that this Court must strike Defendant's affirmative defenses for failing to meet the heightened standards developed in *Twombly*, 550 U.S. at 555 and *Iqbal*, 556 U.S. at 678-79. (Pl.'s Mot. Dismiss at 18). Plaintiff points to several decisions from other district courts of New York, Michigan, and Florida, to persuade the Court to adopt this heightened standard. *See Aspex Eyewear, Inc. v. Clariti Eyewear, Inc.*, 571 F. Supp. 2d 620, 622 (S.D.N.Y. 2008) (finding that the heightened pleading standard of *Twombly* is applicable to 12(f) motions); *see also Tracy v. NVR, Inc.*, 2009 WL 3153150, at *7 (W.D.N.Y. Sept. 30, 2009) ("Indeed, the Twombly plausibility standard applies with equal force to a motion to strike an affirmative defense under Rule 12(f)."). The Third Circuit Court of Appeals has not addressed this question and Plaintiff urges the Court to take the stance of the aforementioned New York district courts.[3]

---

[2] Defendant's Answer suggests that Defendant benefitted from Plaintiff's actions, collecting $128,405.10 from the value of the counterfeit checks. *See* Def.'s Ans. ¶ 49; *see also* Pl.'s Compl ¶¶ 14-15, 49.

[3] Plaintiff postulates a conflict of law analysis that urges this Court to apply New York law because New York has the "most significant relationship to the claim." (Pl. Mot. Dismiss at 17) (internal citation omitted). Such an analysis is misplaced. The Court is not presently grappling with conflicting state laws, which would be ripe for a conflict of law analysis. Rather, it is grappling with differing interpretations of precedential case law. Such a scenario is not one that calls for a conflict of law analysis. *See § 6 Restatement (Second) of Conflict of Laws, Choice-Of-Law Principles*.

Notably, however, three district courts within the Third Circuit have held that the pleading standards of *Twombly* and *Iqbal* do not apply to affirmative defenses. *See F.T.C. v. Hope Now Modifications, Inc.*, No. 09-1204, 2011 WL 883202 (D.N.J. March 10, 2011) (holding that the pleading standards of *Twombly* and *Iqbal* do not apply to affirmative defenses under Fed. R. Civ. P. 8(c)); *Charleswell v. Chase Manhattan Bank, N.A.*, No. 01-119, 2009 WL 4981730, at *4 (D.V.I. Dec. 8, 2009) ("This Court concludes that the pleading standards articulated in *Twombly* and *Iqbal* do not extend to affirmative defenses"); *Romantine v. CH2M Hill Engineers, Inc.*, No. 09-973, 2009 WL 3417469, at *1 (W.D. Pa. Oct. 23, 2009) ("This court does not believe that *Twombly* is appropriately applied to either affirmative defenses under [Rule] 8(c), or general defenses under Rule 8(b)"). These courts narrowly construed *Twombly* and *Iqbal* to address only the standard for pleading. *Id.* To be clear, the Supreme Court has not specifically held that the heightened pleading standard should extend to affirmative defenses. *See Twombly*, 550 U.S. at 544; *Iqbal*, 556 U.S. at 662.

This Court is persuaded by the decisions of fellow district courts within the Third Circuit and aligns with the courts in *Hope Now Modifications*, *Charleswell*, and *Romantine*, which held that the *Twombly* and *Iqbal* standards do not apply to the analysis of a 12(f) motion to strike affirmative defenses. Like the court in *Hope Now Modifications*, this Court finds that the textual analysis by the Supreme Court in *Twombly* is specific to a claim for relief under Rule 8(a), and differs from the textual analysis of an affirmative defense under Rule 8(c).

### ii. Striking Defendant's Affirmative Defenses

In light of the aforementioned standard for striking affirmative defenses under Fed. R. Civ. P. 12(f), the Court declines to strike any of Defendant's 31 affirmative defenses. The Court, in exercising its discretion to strike, may consider the prejudice the defenses present to the

moving party.  *United States v. Kramer*, 757 F. Supp. 397, 409 (D.N.J. 1991).  Plaintiff contends that Defendant's affirmative defenses are insufficient and do not give fair notice of the claims; thus, they should be stricken.  (Pl.'s Mot. Dismiss at 18).  Plaintiff, however, fails to present a valid argument that the defenses will be prejudicial at this early stage of the case.  After all, "even where the challenged material is redundant, immaterial, impertinent, or scandalous, a motion to strike should not be granted unless the presence of the surplusage will prejudice the adverse party." *Hope Now Modifications, LLC*, 2011 WL 883202, at *1 (quoting *Symbol Techs., Inc. v. Aruba Networks, Inc.,* 609 F. Supp. 2d 353, 359 (D. Del. 2009)).  Plaintiff fails to assert any such prejudice.

Additionally, Plaintiff fails to specifically address any one of the affirmative defenses. Rather, Plaintiff merely states in blanket fashion that "all of the affirmative defenses should be stricken as factual support is needed to give fair notice of the claims." (*Id.*).  The Court finds this insufficient to strike any of the affirmative defenses.  Though Plaintiff contends that Defendant's affirmative defenses are insufficient, substantial issues of fact and law are properly viewed only after the opportunity for discovery.  *See In re Merck & Co., Inc. Vytorin ERISA Lit.*, 2010 WL 2557564, at *3 (D.N.J. June 23, 2010) ("[e]ven when the defense presents a purely legal question, the courts are very reluctant to determine disputed or substantial issues of law on a motion to strike; these questions quite properly are viewed as determinable only after discovery and a hearing on the merits") (citing *Board of Trustees of Trucking Employees of N. Jersey Welfare Fund v. Gotham Fuel Corp.,* 860 F.Supp. 1044, 1054 (D.N.J. 1993); *Kramer,* 757 F.Supp. at 409; *Associated Metals & Minerals Corp. v. M/V LUMBE,* 1991 U.S. Dist. LEXIS 21794, at *4-5 (D.N.J. Apr. 29, 1991)).

The Court, therefore, finds "that a determination with respect to the [affirmative defenses] is inappropriate for resolution on this motion" at this early stage.[4] *In re Merck & Co.*, 2010 WL 2557564, at *3. Accordingly, Plaintiff's motion to strike is denied.

## IV. Conclusion

For the foregoing reasons, the Court GRANTS Plaintiff's motion to dismiss Defendant's counterclaim and DENIES Plaintiff's motion to strike Defendant's affirmative defenses. Additionally, the Court grants Defendant leave to amend the counterclaim—consistent with this Opinion—within thirty days. An appropriate Order accompanies this Opinion.

*s/Esther Salas*
**Esther Salas, U.S.D.J.**

---

[4] As recent as June 10, 2013, Plaintiff filed an Amended Complaint in this action. (D.E. No. 59).